**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2684
_____

IN RE: DAVID Q. WEBB,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D. Del. Civ. No. 1-22-cv-00461)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.

September 29, 2022

Before: CHAGARES <u>Chief Judge</u>, PORTER, and FUENTES, <u>Circuit Judges</u>

(Opinion filed: October 12, 2022)
_____

OPINION[*]
_____

**PER CURIAM**

David Webb, proceeding pro se, has filed a petition for a writ of mandamus asking

us to compel a District Judge to screen a complaint that he has filed in the United States

District Court for the District of Delaware. He has also filed a supplemental petition

reiterating that request. For the reasons that follow, we will deny Webb's petitions.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In April 2022, Webb filed a civil rights complaint claiming, among other things, a discriminatory denial of housing. He moved to proceed in forma pauperis ("IFP"). Webb's case was assigned to the Vacant Judgeship docket, which had been created in anticipation of an upcoming judicial vacancy. On April 18, 2022, District Judge Richard Andrews granted Webb's motion to proceed IFP. On September 6, 2022, Webb filed a motion for a temporary restraining order related to his housing assistance.

Webb now seeks a writ of mandamus compelling a judge to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). He asserts that there has been undue delay.[1] Webb has previously sought similar relief in connection with this case. On June 16, 2022 and August 26, 2022, we denied relief without prejudice to Webb's ability to seek relief again if his complaint was not addressed. See C.A. Nos. 22-1708, 22-2454.

"Traditionally, the writ of mandamus has been used 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" In re Chambers Dev. Co., Inc., 148 F.3d 214, 223 (3d Cir. 1998) (citations omitted). "The writ is a drastic remedy that 'is seldom issued and its use is discouraged.'" Id. A petitioner must establish that there are no other adequate means to attain the desired relief and that the right to the writ is clear and indisputable. Id. Mandamus relief may be afforded where undue delay is tantamount to a failure to

---

[1] Because Webb was granted IFP status, his complaint is subject to the screening provision in § 1915(e)(2)(B). If the District Court decides that the complaint is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant, it shall dismiss it. 28 U.S.C. § 1915(e)(2)(B). A favorable decision under § 1915(e)(2)(B) would allow his complaint to be served on the defendants.

exercise jurisdiction.  Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

The delay in Webb's cases is not tantamount to a failure to exercise jurisdiction. The District Court has taken action and granted Webb's motion to proceed IFP. Although Webb's complaint has yet to be screened, the delay is not undue.  His case has been pending for approximately six months.  See id. (holding greater delay did not rise to the level of a due process violation).  Webb's motion for a temporary restraining order was recently filed.  Mandamus relief is not warranted based on delay.

Mandamus relief is also not warranted based on the assignment of Webb's case to the Vacant Judgeship docket.  Any complaint in this regard is now moot.  After Webb prepared his mandamus petition, Judge Gregory Williams was assigned to his case.  We are confident Webb's complaint will be addressed without undue delay.

Accordingly, we will deny the petition and supplemental petition for a writ of mandamus.  The denial of relief is without prejudice to Webb's filing of another mandamus petition in the event his complaint remains unaddressed.[2]

---

[2] Webb refers in his mandamus petition to a complaint he filed in May 2022, which was docketed in D. Del. Civ. No. 1-22-cv-00600.  To the extent he seeks an order compelling a judge to screen this complaint, mandamus relief is denied for the reasons discussed above.